**Salima ALIMDJANOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72956.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Law Office of Alexander Markman, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Coun-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

sel, Department of Homeland Security, San Francisco, CA, Edward Friedman, Esq., U.S. Department of Justice, New York, NY, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Salima Alimdjanova, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the IJ described specific, non-verbal aspects of Alimdjanova's demeanor that negatively affected her credibility. *See Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir.1994).

Because Alimdjanova cannot meet the lower standard of eligibility for asylum, she has failed to show that she is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Alimdjanova's challenge to the denial of CAT relief because she failed to exhaust her CAT

claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

